# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FLORES-AVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-758-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Flores-Avila appeals his 33-month sentence imposed for his alien smuggling and illegal reentry convictions. He contends that the district court erred by imposing a four-level enhancement under U.S.S.G. § 2L1.1(b)(4) for harboring an unaccompanied minor.

We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40155

*Williams*, 610 F.3d 271, 292 (5th Cir. 2010). Flores-Avila argues that the district court improperly applied a "strict liability" standard, rather than considering whether it was reasonably foreseeable that a minor would be involved in the offense. Because Flores-Avila did not challenge the enhancement on this ground in the district court, plain error review applies. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).

Section 2L1.1(b)(4) does not include a knowledge requirement. And Flores-Avila does not contest that he harbored undocumented immigrants, including a 17-year-old, in his apartment. Because Flores-Avila's relevant conduct included all acts he committed, *see* U.S.S.G. § 1B1.3(a)(1)(A), the district court did not commit error—plain or otherwise—in finding that Flores-Avila harbored a minor regardless whether he knew the minor's age.

The reasonably foreseeable standard applies to the acts of others committed as part of jointly undertaken criminal activity, but no such standard applies to acts committed by the defendant. § 1B1.3(a)(1). The enhancement thus applied based on Flores-Avila's own actions, not the actions of others. There was no need for a foreseeability inquiry.

Finally, the district court did not err by adopting the presentence report's (PSR) finding that the minor was unaccompanied. Flores-Avila's remarks during sentencing that the minor was not alone because he was accompanied by two people was insufficient to demonstrate, contrary to the PSR, that the minor was accompanied by the minor's parents, adult relative, or legal guardian. *See United States v. Reasor*, 541 F.3d 366, 369 (5th Cir. 2008); *United States v. Londono*, 285 F.3d 348, 355 (5th Cir. 2002).

The judgment is AFFIRMED.